UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THAIHANG THI VU,

                    Plaintiff,

        v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

                    Defendant.

CASE NO. 13-cv-05420 JRC

ORDER ON PLAINTIFF'S
COMPLAINT

        This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

Magistrate Judge and Consent Form, ECF No. 6; Consent to Proceed Before a United

States Magistrate Judge, ECF No. 7). This matter has been fully briefed (*see* ECF Nos.

13, 17, 18).

        After considering and reviewing the record, the Court finds that the ALJ did not

err when he failed to credit fully plaintiff's complaints because, among other things, the

1  objective medical evidence does not support plaintiff's alleged limitations. Similarly, the
2  ALJ provided specific and legitimate reasons for failing to credit fully opinions from
3  treating physician, Dr. Hennessey, since, among other things, Dr. Hennessey relied
4  heavily upon plaintiff's subjective complaints and not on objective medical evidence to
5  support her opinions.

6       Therefore, this matter is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

7                                  BACKGROUND

8       Plaintiff, THAIHANG THI VU, was born in 1963 and was 38 years old on the
9  alleged date of disability onset of June 15, 2002 (*see* Tr. 108-15). Plaintiff attended
10  school to the eighth grade in Vietnam (Tr. 37).  She has been in the United States since
11  1992 (*id.*).   Plaintiff has no past work history (Tr. 116-17).

12       Plaintiff has at least the severe impairments of "lumbar disk disease (20 CFR
13  416.920(c))" (Tr. 17). At the time of the hearing, plaintiff was living in rented assisted
14  housing (Tr. 38).

15                              PROCEDURAL HISTORY

16       On August 18, 2009, plaintiff filed an application for Supplemental Security
17  Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social
18  Security Act (*see* Tr. 108-115). The application was denied initially and following
19  reconsideration (Tr. 50-53, 59-64). Plaintiff's requested hearing was held before
20  Administrative Law Judge Verrell Dethloff ("the ALJ") on September 13, 2011 (*see* Tr.
21  34-47). On October 12, 2011, the ALJ issued a written decision in which he concluded
22  that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr.12-33).

On April 26, 2013, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-7). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in June, 2013 (*see* ECF No. 1, 4). Defendant filed the sealed administrative record regarding this matter ("Tr.") on August 19, 2013 (*see* ECF Nos. 10, 11).

Defendant summarizes the issues raised by the plaintiff as:

(A)     Is the ALJ's residual functional capacity assessment – limiting [plaintiff] to light work with other limitations – supported by substantial evidence?

(B)     Did the ALJ provide valid reasons for discounting [plaintiff's] subjective complaints?

(C)     Did the ALJ provide specific and legitimate reasons for discounting the opinion of [plaintiff's] treating physician Katherine Hennessey, M.D.?

(D)     Is the ALJ's finding that [plaintiff] is "not disabled" under the Medical-Vocational Rule 202.16 supported by substantial evidence?

(Defendant's Responsive Brief, ECF No. 17, p. 3.)

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)). In addition, in the context of social

security appeals, legal errors committed by the ALJ may be considered harmless where the error is irrelevant to the ultimate disability conclusion when considering the record as a whole. *Molina, supra*, 674 F.3d at 1117-1122; *see also* 28 U.S.C. § 2111; *Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009).

<u>DISCUSSION</u>

**1.     Did the ALJ properly analyze plaintiff's credibility and allegations?**

Here, plaintiff contends that the ALJ failed to provide clear and convincing reasons for his failure to credit fully plaintiff's testimony and allegations. However, the Court concludes that the ALJ's analysis is supported by substantial evidence and without harmful error, as discussed further below.

If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ.  *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1999) (*citing Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980)). An ALJ is not "required to believe every allegation of disabling pain" or other non-exertional impairment.  *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (*citing* 42 U.S.C. § 423(d)(5)(A) (other citations and footnote omitted)). Even if a claimant "has an ailment reasonably expected to produce *some* pain; many medical conditions produce pain not severe enough to preclude gainful employment." *Fair, supra*, 885 F.2d at 603. The ALJ may "draw inferences logically flowing from the evidence."  *Sample, supra*, 694 F.2d at 642 (*citing Beane v. Richardson*, 457 F.2d 758 (9th Cir. 1972); *Wade v. Harris*, 509 F.

Supp. 19, 20 (N.D. Cal. 1980)). However, an ALJ may not speculate. *See* SSR 86-8, 1986 SSR LEXIS 15 at *22.

Nevertheless, the ALJ's credibility determinations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citation omitted). In evaluating a claimant's credibility, the ALJ cannot rely on general findings, but "'must specifically identify what testimony is credible and what evidence undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (*quoting Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)); *Reddick, supra*, 157 F.3d at 722 (citations omitted); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citation omitted). The ALJ may consider "ordinary techniques of credibility evaluation," including the claimant's reputation for truthfulness and inconsistencies in testimony regarding symptoms, and may also consider a claimant's daily activities, and "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Smolen, supra*, 80 F.3d at 1284 (citations omitted).

The determination of whether or not to accept a claimant's testimony regarding subjective symptoms requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; *Smolen, supra*, 80 F.3d at 1281-82 (*citing Cotton v. Bowen*, 799 F.2d 1407-08 (9th Cir. 1986)). First, the ALJ must determine whether or not there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen, supra*, 80 F.3d at 1281-82. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit then a claimant's testimony as to the severity of symptoms based solely on a lack of objective

medical evidence to corroborate fully the alleged severity of pain. *Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*) (*citing Cotton, supra*, 799 F.2d at 1407).

Here, the ALJ relied in part on the fact that plaintiff had very little treatment recommended by her doctor for her back pain complaints and was "not on significant pain medication" (Tr. 23). The ALJ also noted that despite being recommended physical therapy treatment, plaintiff "lasted only a month before she discontinued therapy because she needed to care for multiple children" (*id.*). These are valid concerns relevant to the credibility determination: Despite complaints of disabling back pain, plaintiff was not prescribed significant pain medication and did not follow through with other recommended treatment, physical therapy. When discussing plaintiff's treatment record, the ALJ noted that in July, 2009, plaintiff complained of right-sided back pain with movement (*see* Tr. 18). The ALJ noted that examination of plaintiff at that time "indicated tenderness over the right large muscle groups of the back, but full range of motion" (*id.* (*citing* Exhibit 6F, p. 10)). The ALJ also noted that plaintiff's "clinician diagnosed the claimant with an unspecified backache and recommended increased fluid intake, heat, and stretching" (*id.*). Although subsequently being prescribed heat, stretching and Flexeril in August, 2009 following complaints of lumbar back pain (*id.* (*citing* Exhibit 6F, p. 1)), the ALJ also noted that plaintiff presented in July 5, 2011 with normal gait, and the ability to heel and toe walk; and, also noted that "there was no specific treatment recommendations for the claimant's back pain complaints [and] Flexeril was no longer on the prescription list" (*id.* (*citing* Exhibit 14F)).

ORDER ON PLAINTIFF'S COMPLAINT - 6

The Court concludes that the ALJ's discussion of plaintiff's "very little medical treatment" and his finding that plaintiff failed to follow through with recommended treatment for physical therapy so that she could take care of her children are findings supported by substantial evidence in the record as a whole (*see* Tr. 23). This reasoning also supports the ALJ's credibility determination. *See* 20 C.F.R. § 404.1530 ("If you do not follow the prescribed treatment without a good reason, we will not find you disabled"); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008) (Where the "record reflects that [plaintiff] responded favorably to conservative treatment," yet failed to seek aggressive treatment, such findings allowed the ALJ to make the "permissible inference" that the plaintiff's symptom of pain "was not as all-disabling as he reported") (footnote omitted); SSR 96-7 1996 SSR LEXIS 4, at *21-*22 ("the individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints . . . . and there are no good reasons for this failure"); *but see Nichols v. Califano*, 556 F.2d 931, 932 (9th Cir. 1977) (even if a condition could be remedied by surgery, if the claimant's "actions were reasonable under the circumstances, then the district court's judgment upholding the [written decision by the ALJ] must be reversed").

Furthermore, the ALJ relied on a lack of support from the objective medical evidence for the extent of plaintiff's alleged limitations in addition to relying on plaintiff's failure to follow recommended treatment when failing to credit fully her allegations. Although once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of

1  symptoms based solely on a lack of objective medical evidence to corroborate fully the

2  alleged severity of pain.  Here, the ALJ also relied on plaintiff's failure to follow through

3  with prescribed treatment. *See Bunnell*, *supra*, 947 F.2d at 343, 346-47.

4          In addition to the discussion of the treatment record detailed above, including the

5  ALJ's notations of full range of motion; no numbness or radicular pain; normal straight

6  leg raising, with only slight pain on the left; normal gait; and normal heel and toe walk,

7  the ALJ also discussed plaintiff's MRI results:

8

9          An MRI of the claimant's lumbar spine was taken on December 11,
           2009. (internal citation to Exhibit 13F, p. 6). This MRI showed a mild to
10         moderate disc bulge at L2-3 with mild spinal canal narrowing and a mild
           to moderate disc bulge at L3-4 that pushed the left L4 nerve root
11         posteriorly.

12  (Tr. 18).

13         For the reasons stated and based on the relevant record, the Court concludes that

14  that ALJ's finding that the extent of plaintiff's subjective complaints were not supported

15  by objective medical evidence is a finding supported by substantial evidence in the record

16  as a whole. The Court also concludes that the ALJ's credibility determination in his

17  written decision is without harmful error.

18      **2.    Did the ALJ properly analyze the opinion and treatment record of
                treating physician, Dr. Katherine Hennessey, M.D.?**
19

20         The ALJ included the following discussion in his written decision regarding the

21  opinion and treatment record of Dr. Hennessey:

22         The claimant's treating physician, Dr. Hennessy, also submitted an
           assessment of the claimant's functioning to the department of Social &
23         Health Services (DSHS) dated December 8, 2009. I accord no weight to
           this document. The limitations indicated are not consistent with the
24

1    record, including treatment notes by Dr. Hennessey herself. (internal
2    citation to Ex. 13F, pp. 1-3).

3    In this form, Dr. Hennessey contends that the claimant is unable to lift
4    even 10 pounds or sit or stand for prolonged periods, yet checked the
     box indicating the claimant could perform "sedentary" work. (internal
5    citation to Ex. 13F, p. 2). I note that the definition of "sedentary" on this
     form does not conform to the regulatory definition of "sedentary" work
6    for purposes of federal disability benefits. 20 C.F.R. § 416.967(a).
     Furthermore, Dr. Hennessey sites only to the MRI and the claimant's
7    subjective complaints to explain her significant limitations. MRI
     findings alone do not lend themselves to a function-by-function analysis
8    of the claimant's residual capacity. Dr. Hennessey's recitation of the
     claimant's subjective complaints are (sic) equally unhelpful, particularly
9    given the credibility issues discussed above. Moreover, Dr. Hennessey's
     assessment of the claimant's functioning is in strong contrast to her
10   recommendations for only conservative treatment. In fact, the claimant
     did not return to Dr. Hennessey after the date of this form for a year and
11   a half and did not present to any other provider during this gap either,
     indicating that the condition was not as bad as Dr. Hennessey or the
12   claimant portrayed. For all these reasons, I don't find this summary form
13   persuasive.

14   (Tr. 26-27 (footnotes omitted)).

15   For the reasons discussed below, the Court concludes that the ALJ's evaluation of

16   the medical opinion of treating physician, Dr. Hennessey was proper.

17   The ALJ is responsible for determining credibility and resolving ambiguities and

18   conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)

19   (*citing Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).  Determining whether or

20   not inconsistencies in the medical evidence "are material (or are in fact inconsistencies at

21   all) and whether certain factors are relevant to discount" the opinions of medical experts

22   "falls within this responsibility." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595,

23   603 (9th Cir. 1999)).  If the medical evidence in the record is not conclusive, sole

24

1    responsibility for resolving conflicting testimony and questions of credibility lies with the

2    ALJ.  *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (*quoting Waters v.*

3    *Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*citing Calhoun v. Bailar*, 626 F.2d 145,

4    150 (9th Cir. 1980))).

5            It is not the job of the court to reweigh the evidence: If the evidence "is susceptible

6    to more than one rational interpretation," including one that supports the decision of the

7    Commissioner, the Commissioner's conclusion "must be upheld." *Thomas v. Barnhart*,

8    278 F.3d 947, 954 (9th Cir. 2002) (*citing Morgan, supra,* 169 F.3d at 599, 601).   The

9    ALJ may "draw inferences logically flowing from the evidence."  *Sample, supra*, 694

10   F.2d at 642 (*citing Beane v. Richardson*, 457 F.2d 758 (9th Cir. 1972); *Wade v. Harris*,

11   509 F. Supp. 19, 20 (N.D. Cal. 1980)). However, an ALJ may not speculate. *See* SSR 86-

12   8, 1986 SSR LEXIS 15 at *22.

13

14           "A treating physician's medical opinion as to the nature and severity of an

15   individual's impairment must be given controlling weight if that opinion is well-

16   supported and not inconsistent with the other substantial evidence in the case record."

17   *Edlund v. Massanari*, 2001 Cal. Daily Op. Srvc. 6849, 2001 U.S. App. LEXIS 17960 at

18   *14 (9th Cir. 2001) (*citing* SSR 96-2p, 1996 SSR LEXIS 9); *see also Smolen v. Chater*,

19   80 F.3d 1273, 1285 (9th Cir. 1996). However, "'[t]he ALJ may disregard the treating

20   physician's opinion whether or not that opinion is contradicted.'" *Batson v.*

21   *Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004)

22   (*quoting Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). In addition, "[a]

23   physician's opinion of disability 'premised to a large extent upon the claimant's own

24

accounts of his symptoms and limitations' may be disregarded where those complaints have been" discounted properly. *Morgan, supra,* 169 F.3d at 602 (*quoting Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989) (*citing Brawner v. Sec. HHS*, 839 F.2d 432, 433-34 (9th Cir. 1988))).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). Even if a treating or examining physician's opinion is contradicted, that opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester, supra*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

Here, although plaintiff contends that the ALJ's determination was improper, the ALJ found that Dr. Hennessey cited only plaintiff's MRI and plaintiff's subjective complaints to explain her opinion of plaintiff's significant limitations (*see* Tr. 26-27). The Court already has upheld the ALJ's failure to credit fully plaintiff's allegations, *see supra*, section 1. In addition, as just noted, "[a] physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of h[er] symptoms and

1   limitations' may be disregarded where those complaints have been" discounted properly.

2   *Morgan, supra,* 169 F.3d at 602 (*quoting Fair*, *supra*, 885 F.2d at 605) (*citing Brawner*,

3   *supra*, 839 F.2d at 433-34). The Court concludes that the ALJ's finding that Dr.

4   Hennessey's opinion appears to have been premised largely on plaintiff's own accounts

5   of her symptoms and limitations is supported by the record as a whole, as a review of the

6   treatment record and a discussion of the objective evidence and the record reveal.

7           The Court has discussed plaintiff's lack of support from the objective medical

8   evidence in the context of the discussion of plaintiff's credibility, *see supra*, section 1.

9   The ALJ's finding that the objective medical evidence is inconsistent with the degree of

10   opined limitations by Dr. Hennessey also is a finding supported by substantial evidence

11   in the record as a whole. For example, as noted previously, the ALJ elsewhere in his

12   written decision noted plaintiff's full range of motion; no numbness or radicular pain;

13   normal straight leg raising, with only slight pain on the left; normal gait; and normal heel

14   and toe walk, and also discussed plaintiff's MRI results, indicating mild to moderate disc

15   bulges (*see* Tr. 18).

16           In addition, the ALJ noted elsewhere in his written decision that plaintiff was

17   recommended physical therapy, however "she lasted only a month before she

18   discontinued therapy because she needed to care for multiple children" (*see* Tr. 23). This

19   finding is supported by substantial evidence in the record (*see* Tr. 342). The Court also

20   notes the clinical impression from the physical therapist that plaintiff's "chief complaints,

21   signs and symptoms are consistent with mechanical weakness in her paraspinal muscles

22   in the low back area" (*see* Tr. 347). Despite this indication in the record that plaintiff's

1    pain is consistent with her lack of muscle tone and weakness, and despite the assessment

2    from the physical therapist that plaintiff "would benefit from skilled physical therapy

3    intervention using manual therapy, modalities such as pelvic traction, ultrasound, [and]

4    electric stimulation to promote tissue recovery," plaintiff failed to avail herself of the

5    opportunity for such skilled intervention (*see* Tr. 347: *see also* Tr. 342, 348).

6         The ALJ also noted elsewhere in his written opinion that plaintiff only once

7    appears to have been prescribed a pain medication other than ibuprofen, and that this

8    prescription for Flexeril does not appear to have been renewed (*see* Tr. 18, 209; *see, e.g.*,

9    363-64). This finding is supported by substantial evidence in the record, as is the ALJ's

10    notation that plaintiff was prescribed by Dr. Hennessey "to engage in regular aerobic

11    physical activity such as brisk walking (at least 30 minutes per day, most days of the

12    week)" (*see* Tr. 18, 209, 213, 363-64). The Court also notes plaintiff's reported pain in

13    treatment notes with Dr. Hennessey of 5/10 (Tr. 341); 3/10, with low back pain "LBP"

14    specified at 4/10 (Tr. 349); 5/10 (Tr. 351); and 6/10 (Tr. 352).

15         For the reasons stated, and based on the relevant record, the Court concludes that

16    the ALJ's finding that Dr. Hennessey's opinions are inconsistent with Dr. Hennessey's

17    treatment record, and not consistent with the record as a whole, is a finding supported by

18    substantial evidence in the record.

19         Therefore, the Court concludes that the ALJ did not commit harmful error in the

20    evaluation of the medical opinion evidence provided by Dr. Hennessey.

21    //

22    //

3. **Is the ALJ's residual functional capacity assessment – limiting plaintiff to light work with other limitations – supported by substantial evidence?**

Plaintiff complains because the ALJ found persuasive the opinion of Dr. Robert G. Hoskins, M.D., a state agency medical consultant who did not examine plaintiff (*see* Opening Brief, ECF No. 13, pp. 7-14). Although examining doctors generally are provided more weight than non-examining doctors, an ALJ may reject the opinion of an examining doctor over that of a non-examining doctor if he provides specific and legitimate reasons for doing so. *See Van Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing Lester, supra*, 81 F.3d at 831). First, the Court already has concluded that the ALJ's rejection of the opinion of Dr. Hennessey is proper, *see supra*, section 2. In addition, although an ALJ's reliance on a state agency doctor's opinion must be supported by substantial evidence in the record, such is the case herein.

Plaintiff appears to argue that when finding the opinion of Dr. Hoskins persuasive, that the ALJ credited only Dr. Hoskins' opinion that "This is to affirm that I have noted the data on this file and find the evaluation of: 10.28/09 is affirmed" (*see* Opening Brief, ECF No. 13, p. 9; *see also* Tr. 353). However, plaintiff fails to discuss the fact that Dr. Hoskins affirmed another evaluation, one conducted on October 28, 2009 by Mr. Todd Oestreich (*see* Tr. 266-73, 353). Although this opinion itself is not an opinion from a medical source, as this earlier opinion was affirmed by Dr. Hoskins, whose opinion was found persuasive by the ALJ, it is clear that the ALJ relies on Mr. Oestreich's evaluation, as affirmed by Dr. Hoskins, as well as Dr. Hoskins' one-sentence affirmation of the evaluation (*see* Tr. 266-73, 353). In his evaluation of records, Mr. Todd Oestreich

includes a narrative section of comments, with reference to the medical record, such as: "Clmt's extremeties exhibit normal ROM, extremities are nontender, not motor deficit or sensory deficit. Back: symm, subj pain with palp of L paraspinous mm and with forward bending; SLR normal with only sI pain on L, Neurovasc exam normal and DTR 2+ and symni today" (*see* Tr. 273). Mr. Oestreich also indicated his opinion that plaintiff occasionally could lift 20 pounds, frequently could lift 10 pounds, and could stand and/or walk for about 6 hours in an 8-hour workday and could sit for about 6 hours in an 8-hour workday (*see* Tr. 267).

Based on a review of the relevant record, and for the reasons discussed, the Court concludes that the ALJ's RFC is based on substantial evidence in the record as a whole, including the treatment record, the evaluation of Mr. Oestreich and the medical opinion of Dr. Hoskins.

### 4. Is the ALJ's finding that plaintiff is "not disabled" pursuant to Medical-Vocational Rule 202.16 supported by substantial evidence?

Plaintiff contends that "proper consideration of the medical and other evidence supports a determination that plaintiff is disabled by direct application of the medical-vocational guidelines" (*see* Opening Brief, p. 17). However, plaintiff's argument is premised on her previous arguments, such as that Dr. Hennessey's opinion of sedentary limitation should be credited by the ALJ (*see id.*, p. 18 ("The Medical-Vocational Guidelines would direct a different result given a [RFC] for sedentary work activity")). However, the Court has upheld the ALJ's determination regarding her credibility, *see supra*, section 1, as well as the ALJ's determination not to credit fully the opinion by Dr.

Hennessey limiting plaintiff to sedentary work, *see supra*, section 2. Additionally, the Court also has upheld the ALJ's determination of plaintiff's RFC, based on the opinion of Dr. Hoskins and the relevant record. Therefore, the Court is not persuaded by plaintiff's final argument.

CONCLUSION

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

**JUDGMENT** should be for defendant and the case should be closed.

Dated this 18th day of April, 2014.

J. Richard Creatura
United States Magistrate Judge